IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANDON J. MOBLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C.O. THRIFT, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 5:22-cv-57 |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel and two Motions to Compel Discovery. Docs. 19, 20, 21. For the reasons stated below, I **DENY** Plaintiff's Motion to Appoint Counsel and **DENY as premature** both of Plaintiff's Motions to Compel Discovery.

**I.    Plaintiff's Motion to Appoint Counsel**

Plaintiff requests the Court appoint counsel to represent him in this case. Doc. 19. However, in this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional

circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).  The Eleventh Circuit Court of Appeals has explained "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.  For this reason, I **DENY** Plaintiff's Motion for Appointment of Counsel.

**II.     Plaintiff's Motions to Compel Discovery**

Plaintiff brings two Motions to Compel Discovery.  In one, Plaintiff asks the Court to compel Defendants to answer his interrogatories.  Doc. 20.  In the other, Plaintiff asks the Court to compel Defendants to produce certain documents.  Doc. 21.  Under Federal Rule of Civil Procedure 5, discovery requests should be mailed to the party's attorney from whom one seeks discovery.  Indeed, "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things . . . ." Fed. R. Civ. P. 5(d)(1)(A) (emphasis added).  Plaintiff filed these discovery requests with the Court, rather than on opposing counsel.  Doc. 12.  Moreover, Plaintiff's filing occurred before the Court conducted its frivolity review and prior to any Defendant being served.  Accordingly, I **DENY as**

**premature** Plaintiff's Motions.

**SO ORDERED**, this 5th day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA