IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| BRANDON J. MOBLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 5:22-cv-57 |
| v. | |
| C.O. THRIFT, et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff also filed a motion to amend, which the Court granted.  Doc. 49 at 1 n.1.  Plaintiff's claims, as amended, have not yet been subjected to frivolity screening under 28 U.S.C. § 1915A.  Doc. 45.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Wellpath.  However, Plaintiff's claims against Defendants Thrift, Szabo, Hammock, Jones, Whitaker, Fairchild, and Toole may proceed.[1]

### BACKGROUND

Plaintiff, proceeding *in forma pauperis*, filed this action, asserting various claims against Defendants Thrift, Szabo, Hammock, Jones, Whitaker, Fairchild, Toole, and "Medical Personnel."  Doc. 1.  Relevant here, Plaintiff alleges Defendants Thrift, Szabo, and Hammock (all prison guards) attacked him by slamming his hands and arms inside a tray and handcuff flap without any reason.  Id. at 8.  Plaintiff alleges the prison guards denied him treatment for his wounds and, when Medical Personnel came to make rounds for pill call, Plaintiff was not

---

[1] Defendants Thrift, Szabo, Hammock, Jones, Whitaker, Fairchild, and Toole are already parties to this action.  They have moved the Court to dismiss Plaintiff's claims against them.  Doc. 46.

provided any medical assistance.  Id.  Plaintiff alleges another similar incident where Defendants Szabo, Whitaker, and Jones attacked Plaintiff and no one provided medical assistance.  Id. at 9.  Plaintiff claims Medical Personnel, along with the other Defendants, violated his Eighth Amendment rights through deliberate indifference to his serious medical needs and a failure to intervene.  Id. at 10.  Though Plaintiff's factual allegations against Medical Personnel were not entirely clear, the Court liberally construed Plaintiff's claims and allowed Plaintiff to proceed with Eighth Amendment failure to intervene and deliberate indifference claims against Medical Personnel.  Doc. 23.  The Court treated Medical Personnel as an unknown John Doe Defendant.  Id. at 2 n.3.  The Court further ordered Plaintiff to provide information about Medical Personnel's identity to assist the United States Marshals Service in perfecting service of this Defendant.  Doc. 24 at 1–2.

Plaintiff filed a motion for leave to file an amended complaint, identifying Medical Personnel as Defendant Wellpath.  Plaintiff explained:

> The reason I'm listing the company Wellpath in its entirety is [because] they have a private contract with D.O.C. providing medical assistance to inmates, so that makes Wellpath liable for any wrong doings on behalf of their license staff.  With that being said Wellpath is not exempt nor immune for this civil suit holding them accountable for the actions of their employees.
>
> Wellpath are amended to reflect the identity and the actions of N/A Medical Personnel.

Doc. 45 at 1.  The Court granted Plaintiff's motion to amend, identifying Defendant Wellpath in place of Medical Personnel.  Doc. 49 at 1 n.1.  The Court did not order Plaintiff to file an Amended Complaint, accepting the amendments in Plaintiff's motion to amend together with Plaintiff's original Complaint.  The Court must now conduct frivolity screening of Plaintiff's claims against Wellpath, as amended, under 28 U.S.C. § 1915A.

2

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. The Court shall dismiss the case at any time if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Plaintiff's motion to amend makes it clear he has failed to state any cognizable claim against Defendant Wellpath. In order to state a claim for relief under § 1983, a plaintiff must

3

allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations that contract with states to operate penal institutions are generally not considered legal entities subject to suit. Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dumas v. CoreCivic, Civil Action No. 5:20-cv-122, 2021 WL 1733499, at *1 (S.D. Ga. May 3, 2021) (holding, under the Eleventh Amendment, the plaintiff could not maintain plausible claims against the state department of corrections or the private corporation which operated the prison named in the suit). Wellpath, according to Plaintiff, is a private corporation that contracts with the State to provide inmate medical services. Therefore, Wellpath is not a "person" subject to suit under § 1983.

To the extent Plaintiff seeks to hold any individual Wellpath employees liable for the acts of their subordinates without alleging personal involvement, Plaintiff's claims against Wellpath also fail. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671

4

(11th Cir. 1990)).  Plaintiff has not alleged any individual employed by Wellpath participated in the events forming the basis of any of Plaintiff's claims.  Plaintiff has not alleged anyone employed by Wellpath caused their subordinates to violate Plaintiff's constitutional rights.

Because Plaintiff's claims, as amended, fail to state a cognizable claim for relief against Defendant Wellpath under § 1983, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Wellpath.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court the Court **DISMISS** Plaintiff's claims against Defendant Wellpath.  However, Plaintiff's claims against Defendants Thrift, Szabo, Hammock, Jones, Whitaker, Fairchild, and Toole may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of February, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA